**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JIMMIE L. DIXON, 29531-077,** | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1049-M |
| | ) | ECF |
| **WILLIAM J. HENDERSON, et al.,** | ) | |
|     Defendants. | ) | Referred to Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>:  This is a *pro se* civil rights complaint brought by a federal inmate pursuant to 28 U.S.C. § 1331.

<u>Parties</u>:  Plaintiff is presently confined at the Federal Correction Institution in Seagoville, Texas.

Defendants are Postmaster General William J. Henderson, Station Manager Roy Martin, and Supervisor William Oliver. The Court has not issued process in this case, pending preliminary screening.

<u>Statement of Case</u>:  Plaintiff seeks monetary, declaratory and injunctive relief arising from the termination of his employment at the Casa View Post Office in 1997. He alleges as follows: (1) he was treated differently from non-disabled employees, (2) Defendants created a hostile working environment due to his disability, (3) Defendant Oliver retaliated against Plaintiff, and (3) the U.S. Postal Service benefitted from an idea that Plaintiff had submitted

through employee suggestion.

Along with his complaint, Plaintiff submitted a motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel.

<u>Findings and Conclusions</u>:  The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court.  Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision.  Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

A review of the U.S. Party and Case Index reflects that Plaintiff has had two prior *in forma pauperis* actions, which he had filed while a prisoner, dismissed with prejudice as frivolous or for failure to state a claim.  They are described *seriatim*:

> 1.  *Dixon v. United States, et al.*, 3:01cv1947-D (N.D. Tex., Dallas Div., filed on Oct. 1, 2001).  *See* March 21, 2002, Order accepting findings and conclusions of the Magistrate Judge, and Judgment dismissing complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).  Plaintiff appealed.  On August 29, 2002, the U.S. Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous.  *See* No. 02-10442.
>
> 2.  *Dixon v. U.S. District Judge Joe Kendall*, 3:06cv0887-R (N.D. Tex., Dallas Div., filed May 15, 2006).  *See* August 14, 2006, Order accepting findings and conclusions of the Magistrate Judge and Judgment dismissing case with prejudice as frivolous.  Plaintiff did not appeal.

When a district court dismisses a case as frivolous or for failure to state a claim, such a

dismissal counts as a "strike" under § 1915(g) once the judgment becomes final. *See Adepegba*, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(g) (covering dismissals as "*frivolous*, *malicious*, or *[for] fail[ing] to state a claim* upon which relief may be granted") (emphasis added). A judgment of dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Adepegba*, 103 F.3d at 387-88; *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 (5th Cir. 1998). The dismissal of an appeal as frivolous also counts as a strike for purposes of § 1915(g). *Adepegba*, 103 F.3d at 387-88.

Applying *Adepegba* to Plaintiff's prior *in forma pauperis* actions, it is clear that he has accrued three "strikes" under § 1915(g). Plaintiff accumulated one "strike" for each district court dismissal in the two actions described above. He accumulated an additional "strike" for the dismissal of the frivolous appeal stemming from the dismissal in cause number No. 3:01cv1947-D. *See* Appeal No. 02-10442.

Because Plaintiff has accumulated three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint presents no claim that Plaintiff is in danger of any physical injury. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). *See also Banos*, 144 F.3d at 883-84. All of Plaintiff's claims relate to his employment with the U.S. Postal Service over ten years ago.

Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action as barred by three strikes unless he pays the full filing fee of

$350.00 within the next ten days. *See Adepegba*, 103 F.3d at 388.[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DENY Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2), and DISMISS this action as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

It is further recommended that Plaintiff's motion for appointment of counsel (Docket # 3) be DENIED as moot, and that the pre-trial management referral be TERMED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 25th day of June, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] As a part of the Deficit Reduction Act of 2005 signed February 8, 2006, 28 U.S.C. § 1914 was amended by striking "250" as the filing fee amount and inserting "350." Deficit Reduction Act of 2005, Pub. L. No. 109-171, 120 Stat. 4 (Feb. 8, 2006), effective April 9, 2006.